UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL HOWELL,

v.                           Case No. 8:05-cr-71-T-24TBM
                               8:08-cv-1223-T-24TBM

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Howell's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-37). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

BACKGROUND

On August 17, 2005, Howell pled guilty, without a plea agreement, to the charge of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(e). (Doc. cr-28; cr-35).

On November 15, 2005, the Court sentenced Howell to one hundred and eighty months incarceration. Judgment was entered that same date. (Doc. cr-35).

Howell did not appeal the conviction and sentence. Therefore, Howell's judgment

of conviction became final on November 30, 2005. Howell did not sign the present motion to vacate until June 20, 2008.[1]

Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. Howell's judgment of conviction became final on November 30, 2005, when the time for filing a direct appeal had passed; thus, he had until November 31, 2006 to file a timely section 2255 motion. See *Adams v. United States*, 173 F.3d 1339,

---

[1] On December 15, 2006, Howell signed and sent to the Court a document that the Court forwarded to the Federal Public Defender's Office. In the document, Howell was seeking his criminal case record, and Howell stated " thirty days from the date herein [December 15, 2006], I'll file to the courts requesting a court order upon said counsel of records to force requested material be given to Carl Howell, that counsel file properly and correctly in the courts to reopen case number cited above." Howell never filed such a request.

The December 15, 2006, document did not raise any claims for relief and could not be construed to be a motion to vacate. (See Doc. No. 36). The Court notes that the December 15, 2006, document that was forwarded to the Federal Public Defender's Office was signed more than a year after November 30, 2005, the date Howell's judgment of conviction was final.

1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires).  Howell did not sign the present motion to vacate until June 20, 2008, Therefore, his 28 U.S.C. § 2255 motion to vacate is time-barred.

Howell has not presented any exceptional circumstances that warrant tolling the one-year limitations period.

**Accordingly, the court orders**:

That Howell's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-37)  is denied, with prejudice. The Clerk is directed to enter judgment against Howell in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these

circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 1, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Jay L. Hoffer

Carl Howell